IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JABARI JONES-COOPER, #M47384 )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WEXFORD HEALTH SOURCES, INC., )<br>DOCTOR DAVIS, )<br>WARDEN DENNISON, )<br>JOHN R. BALDWIN, )<br>JOHN/JANE DOE MEDICAL AND )<br>SECURITY STAFF, )<br>Defendants. ) | Case No. 19-cv-1-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jabari Jones-Cooper, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants at Shawnee Correctional Center were deliberately indifferent to continuing pain in his left leg, and asserts claims under the Eighth Amendment. He seeks declaratory judgment and monetary damages.[1]

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is

---

[1] Plaintiff originally sought injunctive relief, but because he is no longer housed at Shawnee Correctional Center and his Complaint does not include any claims regarding his current care, that requested relief was denied. (See Doc. 6).

1

legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint: Upon his arrival at Shawnee Correctional Center ("Shawnee") in July 2016, Plaintiff informed a nurse during his intake interview that he was experiencing pain and numbness in his left leg. (Doc. 1, pp. 4-5). Plaintiff saw Dr. Davis in August 2016 and Dr. Davis ordered an x-ray of his left leg. (*Id.*). The x-ray did not reveal any issues, but Dr. Davis diagnosed Plaintiff with nerve damage and prescribed pain medication. (*Id.*). The pain medication did not work, and Plaintiff experienced continuous and increasing pain. (*Id.*). Although Plaintiff continued to put in sick call requests for his leg pain, he did not see Dr. Davis again until November 2016. At that time, Dr. Davis changed Plaintiff's pain medication, but Plaintiff continued to experience increasing pain in his leg. (*Id.* at pp. 5-6). He filed numerous sick call requests and grievances from December 2016 to August 2017, requesting an MRI or CT scan to diagnose the pain in his leg. (*Id.*). Plaintiff did not see Dr. Davis again and was ultimately transferred to Danville Correctional Center in August 2017.

The issues with Plaintiff's treatment are a result of systemic problems throughout IDOC caused by a practice of failing to provide adequate health care. (Doc. 1, p. 11). Plaintiff learned of this IDOC-wide problem through a report prepared for the case *Lippert v. Godinez*[2], which confirmed Plaintiff's belief that Defendants Dennison, John Baldwin, Wexford Health Sources, and various John and Jane Does fail to provide adequate health care to the inmate populations in IDOC custody. (*Id.* at p. 6).

---

[2] *Lippert v. Godinez*, No. 1:10-cv-04603 (N.D. Ill.).

## Preliminary Dismissals

Although Plaintiff identifies Jane and John Doe medical and security staff as Defendants, he fails to state a claim against any unknown medical and security staff. The only reference he makes to unknown defendants in his Statement of the Claim is his assertion as to what he learned from reading the *Lippert* report. (Doc. 1, p. 6). However, he makes no reference to the role unknown medical and security staff played in his own care. Section 1983 does not authorize *respondeat superior* or "supervisory liability." *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (*citing Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). Therefore, in order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (*quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Because Plaintiff fails to allege any personal involvement in his care by these unknown defendants, he fails to state a claim against the Jane and John Does. Accordingly, Plaintiff's claims against these defendants will be **DISMISSED** without prejudice.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:** Doctor Davis was deliberately indifferent to Plaintiff's leg pain when he failed to provide him with any treatment other than pain medication in violation of the Eighth Amendment.
>
> **Count 2:** Wexford Health Sources, Inc., Warden Dennison, and John R. Baldwin implemented policies which failed to provide inmates with adequate healthcare in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[3]

### Count 1

Plaintiff has stated a viable claim for deliberate indifference to his serious medical needs against Doctor Davis. Plaintiff alleges that he continued to suffer from pain and numbness in his leg for over a year and that Doctor Davis only prescribed pain medication and failed to order further tests to determine the cause of Plaintiff's pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (finding deliberate indifference where medical defendants persisted in a course of conservative treatment for eighteen months despite no improvement); *Kelley v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990) (deliberate indifference when doctor continues with treatment knowing it to be ineffective). Therefore, the Court will allow Count 1 to proceed.

### Count 2

Plaintiff's claim against Wexford, Warden Dennison, and John Baldwin for unconstitutional policies is subject to dismissal. First, Plaintiff has not included sufficient "factual content to nudge his claim…across the line from conceivable to plausible." *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011) (internal quotations omitted). He merely references a generic policy of "failing to provide its inmate population with constitutionally adequate healthcare." (Doc. 1, p. 11). He fails to cite to any specific Wexford policy that he believes violated his constitutional rights. Instead, Plaintiff merely asserts that he read the *Lippert* report

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

and is convinced by that report that there is a failure to provide inmates adequate health care. As such, this policy-related claim must be dismissed without prejudice. *Tripodi v. North Coventry Twp.*, 616 Fed. Appx. 521, 523 (3rd Cir. 2015); *Iacovangelo v. Corr. Med. Care, Inc.*, 624 Fed. Appx. 10, 13-14 (2d Cir. 2015); *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1330 (11th Cir. 2015).

Further, Plaintiff does not allege that any of the individual defendants, including Warden Dennison and John Baldwin, were personally involved in the alleged constitutional violations. He simply asserts that they are responsible for "systemic" problems at IDOC (Doc. 1, p. 11). This fails to satisfy basic pleading standards. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed.R.Civ.P. 8. Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 570. The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Here, the conclusory allegations regarding the policies, customs, and practices are insufficient to state a viable claim. As such, Count 2 will be **DISMISSED** without prejudice.

## Motion for Counsel

In his Motion for Counsel (Doc. 3), Plaintiff claims that he needs counsel in order to obtain an expert and because the claims are complex. He includes letters he has written to counsel, but all declined to take his case. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[4] Therefore, Plaintiff's Motion for Counsel (Doc. 3)

---

[4] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

5

is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date.

## Disposition

**IT IS HEREBY ORDERED** that Count 1 will proceed against Doctor Davis.

**IT IS FURTHER ORDERED** that Count 2 against Wexford Health Sources, Inc., John R. Baldwin, and Warden Dennison is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The Clerk is **DIRECTED** to terminate Wexford Health Sources, Inc., John R. Baldwin, and Warden Dennison from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that the John and Jane Doe Defendants are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The Clerk is also **DIRECTED** to terminate the John and Jane Doe Defendants from the Court's CM/ECF system.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Doctor Davis: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on defendant, and the Court will require defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Because the Court has ordered service, Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/28/2019**

*/s/Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**